## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

SECURITIES AND EXCHANGE COMMISSION,  )
)
Plaintiff,  )
)
v.  )
)
JOSEPH J. GLUSIC, et al.  )
)
Defendants.  )
_____ )

## CONSENT OF DEFENDANT JOSEPH J. GLUSIC TO ENTRY OF
## FINAL JUDGMENT AND OTHER RELIEF

1.    Defendant Joseph J. Glusic waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Glusic admits), Glusic consents to the entry of the Final Judgment of Permanent Injunction and Other Relief as to Defendant Joseph J. Glusic ("Final Judgment") in the form attached and incorporated by reference herein, which, among other things:

(a)    permanently restrains and enjoins Glusic from violation of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§77e(a), 77e(c), and 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78j(b); and Exchange Act Rule 10b-5, 17 C.F.R. §240.10b-5;

1

(b)    orders Glusic to pay disgorgement of $1,878, plus prejudgment interest of $231.05;

(c)    orders Glusic to pay a civil penalty of $50,000.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. §78u(d);

(d)    bars Glusic from serving as an officer or director of a publicly held company pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. §78u(d)(2);

(e)    imposes a penny stock bar on Glusic pursuant to Section 21(d)(6) of the Exchange Act, 15 U.S.C. §78u(d)(6) and Section 20(g) of the Securities Act, 15 U.S.C. §77t(g); and

(f)    determines that the monetary obligations imposed against Glusic in the Final Judgment arise from the violation of federal securities laws and are nondischargeable in Glusic's Chapter 7 bankruptcy case pursuant to Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

3.    Glusic shall satisfy his obligation to pay disgorgement, prejudgment interest, and a civil penalty by paying $52,109.05 as set forth in the Final Judgment. Payment shall be made by sending a U.S. postal money order, certified check, bank cashier's check or bank money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Glusic as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is

made pursuant to the Final Judgment. Glusic shall send a copy of the letter and payment form to: Christine Nestor, Senior Trial Counsel, U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Notwithstanding the foregoing, because Glusic is a debtor in a bankruptcy case, *In re Joseph John and Carol Ann Glusic*, Ch. 7 Case No. 10-33465 (Bankr. D. NV), for so long as the automatic stay is in effect, no action shall be taken to enforce or collect the amounts due pursuant to this Consent and the Final Judgment except in accordance and compliance with the Bankruptcy Code, 11 U.S.C. §101 *et seq.*, and the Federal Rules of Bankruptcy Procedure as follows:

(a)    no action shall be taken to collect the amounts due pursuant to this Consent and the Final Judgment against Glusic until the earlier of such time as Glusic has been granted or denied a discharge or his bankruptcy case has been closed or dismissed; and

(b)    no action shall be taken to collect the amounts due pursuant to this Consent and the Final Judgment against property of Glusic's bankruptcy estate until such time as the property is no longer property of the bankruptcy estate.

Upon discontinuance of the automatic stay pursuant to 11 U.S.C. § 362(c), or termination, annulment or modification of the automatic stay pursuant to 11 U.S.C. § 362(d), the Commission may seek to enforce immediately such monetary obligations by moving for civil contempt and/or through other collection procedures authorized by law. Glusic shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC §1961, which shall begin accruing upon discontinuance of the automatic stay pursuant to 11 U.S.C. § 362(c), or termination, annulment or modification of the automatic stay pursuant to 11 U.S.C. § 362(d).

3

Glusic agrees that the Final Judgment will provide that the instant case brought by the Commission is a civil action by a governmental unit to enforce its police or regulatory power, in accordance with the exception to the automatic stay provided in Section 362(b)(4) of the Bankruptcy Code. In addition, the Final Judgment will provide that the civil penalty, disgorgement, and prejudgment interest ordered against Glusic in the Final Judgment is a judgment for the violation of the federal securities laws within the meaning of Section 523(a)(19) of the Bankruptcy Code, and that the monetary relief imposed against Glusic in the Final Judgment is a nondischargeable debt, pursuant to Section 523(a)(19) of the Bankruptcy Code.

4.      Glusic agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Glusic pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Glusic further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Glusic pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.      Glusic waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Glusic waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Glusic enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member,

4

officer, employee, agent, or representative of the Commission to Glusic or anyone acting on his behalf to induce Glusic to enter into this Consent.

      8.     Glusic agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

      9.     Glusic will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

      10.    Glusic waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Glusic of its terms and conditions. Glusic further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that he has received and read a copy of the Final Judgment.

      11.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Glusic in this civil proceeding. Glusic acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Glusic waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Glusic further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of,

5

a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Glusic understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12. Glusic understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Glusic agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Glusic hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Glusic breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Glusic's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Glusic hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Glusic to defend against this action. For these purposes, Glusic agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

6

14.    Glusic agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Glusic agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Approved as to form:

David M. Siegal, Esq.
Haynes and Boone, LLP
1221 Avenue of the Americas, 26th Floor
New York, NY 10020-1007
PH:  212.659.4995
Attorney for Joseph J. Glusic

Dated: _Apr/ 28_ , 2011

I, Joseph J. Glusic, having read and understood the foregoing Consent and the Final Judgment, and having had the advice of competent counsel, agree to the terms and conditions in the Consent and Final Judgment and consent to the Court's entry of the Final Judgment.

Dated: _3/18/11_

Joseph J. Glusic

STATE OF _Nevada_   )
                     )  ss:
COUNTY OF _Clark_    )

On this _18th_ day of _March_ , 2011, before me personally appeared JOSEPH J. GLUSIC who ____ is personally known to me or _✓_ who produced a _NV DL_ driver's license bearing his name and photograph as identification, and who executed this Consent, and he acknowledged to me that he executed the same.

Notary Public
Commission expires:

ISABEL R. MENDOZA
Notary Public, State of Nevada
Appointment No. 08-6094-1
My Appt. Expires Mar 1, 2012

7