UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SECURITIES AND EXCHANGE COMMISSION,  )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )
                                      )
SHANNON ALLEN, et al.                 )
                                      )
                    Defendants.       )
_____)

**CONSENT OF DEFENDANT SHANNON ALLEN TO ENTRY OF FINAL JUDGMENT AND OTHER RELIEF**

1.  Defendant Shannon Allen waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Allen admits), Allen consents to the entry of the Final Judgment of Permanent Injunction and Other Relief as to Defendant Shannon Allen ("Final Judgment") in the form attached and incorporated by reference herein, which, among other things:

    (a)  permanently restrains and enjoins Allen from violation of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c);

    (b)  orders Allen to pay disgorgement in the amount of $80,742 plus prejudgment interest thereon in the amount of $6,258; and

1

    (c)    orders Allen to pay a civil penalty in the amount of $25,000 under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d);

    (d)    imposes a five year penny stock bar on Allen pursuant to Section 20(g) of the Securities Act, 15 U.S.C. §77t(g); and

    (e)    orders Allen to, within fourteen (14) days of entry of the Final Judgment, (1) send a letter to his broker(s) requesting his 1,433,314 shares of Magnum d'Or Resources, Inc. common stock held in his name be converted to certificate form, (2) upon receipt of the stock certificate(s) Allen shall send the certificates to Magnum's transfer agent with instructions that they are to be cancelled, (3) and send a copy of the letters and verification of stock cancellation described above to Christine Nestor, Senior Trial Counsel.

3.    Allen shall satisfy his obligation to pay disgorgement, prejudgment interest, and a civil penalty by paying $40,000 that he has escrowed with his counsel within fourteen days of entry of the Final Judgment. Allen shall also make four equal payments of $18,000 each due 3 months from entry of Final Judgment, 6 months from entry of Final Judgment, 9 months from entry of Final Judgment, and 1 year from entry of Final Judgment. Payment shall be made by sending a U.S. postal money order, certified check, bank cashier's check or bank money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Allen as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is

made pursuant to the Final Judgment. Allen shall send a copy of the letter and payment form to: Christine Nestor, Senior Trial Counsel, U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131. Allen shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC §1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

4. Allen agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Allen pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Allen further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Allen pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Allen waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6. Allen waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7. Allen enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Allen to enter into this Consent.

8. Allen agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9. Allen will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10. Allen waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Allen of its terms and conditions. Allen further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that he has received and read a copy of the Final Judgment.

11. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Allen in this civil proceeding. Allen acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Allen waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Allen further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary

proceeding before the Commission based on the entry of the injunction in this action, Allen understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

12. Allen understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Allen agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Allen hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Allen breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Allen's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13. Allen hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Allen to defend against this action. For these purposes, Allen agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Allen agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Allen agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Approved as to form:

_____      Dated: 2/9, 2011
David R. Chase, Esq.
The Law Firm of David R. Chase, P.A.
1700 East Las Olas Boulevard, Suite 305
Fort Lauderdale, FL 33301
Phone: 954-889-5120
Attorney for Shannon Allen

I, Shannon Allen, having read and understood the foregoing Consent and the Final Judgment, and having had the advice of competent counsel, agree to the terms and conditions in the Consent and Final Judgment and consent to the Court's entry of the Final Judgment.

Dated: 2/9/2011          _____
                         Shannon Allen

STATE OF  FLORIDA       )
                        )  ss:
COUNTY OF  DADE         )

On this 16 day of FEBRUARY, 2011, before me personally appeared SHANNON ALLEN who  X  is personally known to me or _____ who produced a _____ driver's license bearing his name and photograph as identification, and who executed this Consent, and he acknowledged to me that he executed the same.

_____
Notary Public
Commission expires:

ROBERT RUGILO
MY COMMISSION # DD964956
EXPIRES February 23, 2014
(407) 398-0153   FloridaNotaryService.com

6