UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-60920-CIV-JORDAN/O'SULLIVAN

SECURITIES AND EXCHANGE COMMISSION,   )
                                      )
              Plaintiff,              )
                                      )
v.                                    )
                                      )
SHANNON ALLEN, et al.                 )
                                      )
              Defendants.             )
_____)

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT SHANNON ALLEN

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Shannon Allen. In its Complaint, the Commission sought, among other relief against Allen, a permanent injunction to prohibit violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)]; entry of an order requiring Allen to pay disgorgement and prejudgment interest; the imposition of a civil money penalty pursuant to Section 20(d) of the Securities Act; the imposition of a penny stock bar; and entry of an order requiring Allen to turn over common stock he owns to Magnum d'Or Resources, Inc.'s transfer agent with the instruction that they be cancelled.

Allen, by the attached Consent, has: entered a general appearance; consented to the Court's jurisdiction over Allen and the subject matter of this action; consented to entry of this Final Judgment of Permanent Injunction and Other Relief ("Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment. This Court, having

1

accepted such Consent, having jurisdiction over Allen and the subject matter of this action, and being fully advised in the premises, orders as follows:

I.

**PERMANENT INJUNCTION**

**SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT OF 1933**

**IT IS ORDERED AND ADJUDGED** that Allen, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

II.

## PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 20(g) of the Securities Act, 15 U.S.C. §77t(g), Allen is barred from participating in an offering of penny stock for a period of five years from the date of entry of this Judgment, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. §240.3a51-1].

III.

## CANCELLATION OF STOCK

**IT IS FURTHER ORDERED AND ADJUDGED** that Allen within fourteen days of entry of this Judgment shall (1) send a letter to his broker(s) requesting his 1,433,314 shares of Magnum d'Or Resources, Inc. common stock held in his name be converted to certificate form, (2) upon receipt of the stock certificate(s) Allen shall send the certificates to Magnum's transfer agent with instructions that they are to be cancelled, (3) and send a copy of the letters and verification of stock cancellation described above to Christine Nestor, Senior Trial Counsel.

IV.

## CIVIL PENALTY, DISGORGEMENT AND PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED AND ADJUDGED** that Allen is liable for disgorgement of $80,742, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $6,258, for a total of $87,000. Allen shall

also pay a civil penalty in the amount of $25,000, pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §77t(d).

## V.

### **PAYMENT INSTRUCTIONS**

**IT IS FURTHER ORDERED AND ADJUDGED** that Allen shall pay disgorgement, prejudgment interest, and a civil penalty by paying $40,000 that he has escrowed with his counsel within fourteen days of entry of this Judgment. Allen shall also make four equal payments of $18,000 each due 3 months from entry of Judgment, 6 months from entry of Judgment, 9 months from entry of Judgment, and 1 year from entry of Judgment. Payment shall be made by sending a U.S. postal money order, certified check, bank cashier's check or bank money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington, DC 20549, and shall be accompanied by a letter identifying Allen as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Judgment. Allen shall send a copy of the letter and payment form to: Christine Nestor, Senior Trial Counsel, U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131. Allen shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC §1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Allen shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount he pays pursuant to this Judgment, regardless of whether

such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors. Allen further shall not claim, assert, or apply for tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts he pays pursuant to this Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## VI.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated into this Judgment with the same force and effect as if fully set forth herein, and that Allen shall comply with all of the undertakings and agreements set forth in the Consent.

## VII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VIII.

## RULE 54(b) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

DONE AND ORDERED in Chambers in ____Miami____, Florida, this __2nd__ day of ____May____, 2011.

_____
ADALBERTO JORDAN
UNITED STATES DISTRICT JUDGE

Service on all parties and counsel of record