UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-60920-CIV-JORDAN/O'SULLIVAN

SECURITIES AND EXCHANGE COMMISSION, )
)
Plaintiff, )
)
)
v. )
)
JOSEPH J. GLUSIC, et al. )
)
Defendants. )
_____)

## FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT JOSEPH J. GLUSIC

Plaintiff Securities and Exchange Commission commenced this action by filing its Complaint against, among others, Defendant Joseph J. Glusic. In its Complaint, the Commission sought, among other relief against Glusic, a permanent injunction to prohibit violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)]; Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)]; and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5]; entry of an order requiring Glusic to pay disgorgement and prejudgment interest; the imposition of a civil money penalty pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act; the imposition of an officer and director bar pursuant to Section 21(d)(2) of the Exchange Act; and the imposition of a penny stock bar pursuant to Section 21(d)(6) of the Exchange Act and Section 20(g) of the Securities Act.

Glusic, by the attached Consent, has: entered a general appearance; consented to the Court's jurisdiction over Glusic and the subject matter of this action; consented to entry of this Final Judgment of Permanent Injunction and Other Relief ("Final Judgment") without admitting

1

or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment. This Court, having accepted such Consent, having jurisdiction over Glusic and the subject matter of this action, and being fully advised in the premises, orders as follows:

## I.

## PERMANENT INJUNCTION

### A. SECTIONS 5(a) AND 5(c) OF THE SECURITIES ACT OF 1933

**IT IS ORDERED AND ADJUDGED** that Glusic, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal

order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### B. SECTION 17(a) OF THE SECURITIES ACT OF 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that Glusic, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### C. SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934

**IT IS FURTHER ORDERED AND ADJUDGED** that Glusic, his agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §

240.10b-5], by using any means or instruments of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

## OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] Glusic is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## III.

## PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)] and Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)], Glusic is barred from participating in an offering of penny stock from the date of entry of this Final Judgment, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.

A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## IV.

## **DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL MONEY PENALTY**

**IT IS FURTHER ORDERED AND ADJUDGED** that Glusic is liable for disgorgement of $1,878, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest of $231.05, for a total of $2,109.05. Glusic shall also pay a civil money penalty in the amount of $50,000 pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act.

## V.

## **PAYMENT INSTRUCTIONS**

**IT IS FURTHER ORDERED AND ADJUDGED** that Glusic shall satisfy his obligation to pay disgorgement, prejudgment interest, and a civil penalty by paying $52,109.05 as set forth herein. Payment shall be made by sending a U.S. postal money order, certified check, bank cashier's check or bank money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Glusic as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to the Final Judgment. Glusic shall send a copy of the letter and payment form to: Christine Nestor, Senior Trial Counsel, U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131.

The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Notwithstanding the foregoing, because Glusic is a debtor in a bankruptcy case, *In re Joseph John and Carol Ann Glusic*, Ch. 7 Case No. 10-33465 (Bankr. D. NV), for so long as the automatic stay is in effect, no action shall be taken to enforce or collect the amounts due pursuant to this Final Judgment except in accordance and compliance with the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and the Federal Rules of Bankruptcy Procedure as follows:

(a) no action shall be taken to collect the amounts due pursuant to this Final Judgment against Glusic until the earlier of such time as Glusic has been granted or denied a discharge or his bankruptcy case has been closed or dismissed; and

(b) no action shall be taken to collect the amounts due pursuant to this Final Judgment against property of Glusic's bankruptcy estate until such time as the property is no longer property of the bankruptcy estate.

Upon discontinuance of the automatic stay pursuant to 11 U.S.C. § 362(c), or termination, annulment or modification of the automatic stay pursuant to 11 U.S.C. § 362(d), the Commission may seek to enforce immediately such monetary obligations by moving for civil contempt and/or through other collection procedures authorized by law. Glusic shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC §1961, which shall begin accruing upon discontinuance of the automatic stay pursuant to 11 U.S.C. § 362(c), or termination, annulment or modification of the automatic stay pursuant to 11 U.S.C. § 362(d).

The Court finds that the instant case brought by the Commission is a civil action by a governmental unit to enforce its police or regulatory power, in accordance with the exception to the automatic stay provided in Section 362(b)(4) of the Bankruptcy Code. The Court further

finds that the civil penalty, disgorgement, and prejudgment interest ordered against Glusic in this Final Judgment is a judgment for the violation of the federal securities laws within the meaning of Section 523(a)(19) of the Bankruptcy Code, and that the monetary relief imposed against Glusic in this Final Judgment is a nondischargeable debt, pursuant to Section 523(a)(19) of the Bankruptcy Code.

Glusic shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount he pays pursuant to this Final Judgment, regardless of whether such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors. Glusic further shall not claim, assert, or apply for tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts he pays pursuant to this Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## VI.

## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent is incorporated into this Final Judgment with the same force and effect as if fully set forth herein, and that Glusic shall comply with all of the undertakings and agreements set forth in the Consent.

## VII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

## RULE 54(b) CERTIFICATION

**IT IS FURTHER ORDERED AND ADJUDGED** that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers in ___Miami___, Florida, this 24th day of ___May___, 2011.

_____
ADALBERTO JORDAN
UNITED STATES DISTRICT JUDGE

Service on all parties and counsel of record