UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:11-cv-60920-AJ

SECURITIES AND EXCHANGE                  :
COMMISSION,                              :
                                         :
      Plaintiff,                         :
                                         :
  v.                                     :
                                         :
MAGNUM D'OR RESOURCES, INC.,             :
JOSEPH J. GLUSIC, SHANNON ALLEN,         :
DWIGHT FLATT, and                        :
DAVID DELLA SCIUCCA, JR.,                :
                                         :
      Defendants.                        :
                                         :
_____   :

**ANSWER**

      The Defendant Magnum D'Or Resources, Inc., a Nevada corporation (the "Defendant"), hereby answers the Complaint filed by the U.S. Securities and Exchange Commission (the "Plaintiff").

1. The Defendant denies the allegations of paragraph 1 of the Complaint, except that the Company admits it has issued press releases and that Joseph J. Glusic served as its sole officer during the relevant time period.

2. The Defendant admits that it issued shares of its common stock to Defendants Dwight Flatt, David Della Sciucca, Jr., and Shannon Allen pursuant to a Form S-8 registration statement filed by the Defendant with the Plaintiff as required by the Securities Act of 1933, as amended, and that such persons subsequently entered into loan agreements with the Defendant, and denies the remaining allegations of paragraph 2 of the Complaint.

3. The Defendant denies the allegations of paragraph 3 of the Complaint.

4. The Defendant admits the allegations of paragraph 4 of the Complaint.

5. The Defendant admits the allegations of paragraph 5 of the Complaint.

6. Based upon information and belief, the Defendant admits that Defendant Flatt is a resident of Delray Beach, Florida, and that he was a consultant to the Defendant who received common stock of the Defendant under its Form S-8 stock compensation plan, and denies the remaining allegations of paragraph 6 of the Complaint.

7. Based upon information and belief, the Defendant admits that Defendant Scuicca is a resident of Delray Beach, Florida, and that he was a consultant to the Company who received common stock of the Defendant under its Form S-8 stock compensation plan, and denies the remaining allegations of paragraph 7 of the Complaint.

8. Based upon information and belief, the Defendant admits that Defendant Allen is a resident of Delray Beach, Florida, and that he was a consultant to the Company who received common stock of the Defendant under its Form S-8 stock compensation plan, and denies the remaining allegations of paragraph 8 of the Complaint.

9. The Defendant admits the allegations of paragraph 9 of the Complaint.

10. The Defendant admits the allegations of paragraph 10 of the Complaint.

11. The Defendant admits the allegations of paragraph 11 of the Complaint.

12. The Defendant admits the allegations of paragraph 12 of the Complaint; but denies, based upon information and belief, that Defendants Flatt, Scuicca and Allen did not perform the kinds of services that would allow them to legally receive Form S-8 common stock from the Company.

13. The Defendant admits the allegations of paragraph 13 of the Complaint.

14. The Defendant admits the allegations of paragraph 14 of the Complaint to the extent provided by Form S-8.

15. The Defendant admits the allegations of paragraph 15 of the Complaint to the extent provided by Form S-8.

16. The Defendant admits that Defendant Glusic signed the June 29, 2009, Form S-8 registration statement of the Company and admits the quoted provision from its 2009 Consultant Stock Option, SAR and Stock Bonus Plan, but denies that the Form S-8 falsely represented that it would issue shares as compensation to consultants of the Defendant and otherwise denies the remaining allegations of paragraph 16 of the Complaint.

17. The Defendant admits the first sentence of paragraph 17 of the Complaint, and denies the remaining allegations of paragraph 17 of the Complaint .

18. The Defendant denies the allegations of paragraph 18 of the Complaint.

19. The Defendant admits that it entered into consulting agreements with Defendants Flatt, Sciucca and Allen, and denies the remaining allegations of paragraph 19 of the Complaint.

20. Due to a lack of information, the Defendant denies the allegations of paragraph 20 of the Complaint.

21. Due to a lack of information, the Defendant denies the allegations of paragraph 21 of the Complaint.

22. The Defendant admits that it received approximately $7,000,000 in loans from Defendants Flatt, Sciucca and Allen, and denies the remaining allegations of paragraph 22 of the Complaint.

23. The Defendant admits that it issued promissory notes to Defendants, Flatt, Sciucca and Allen, and denies the remaining allegations of paragraph 23 of the Complaint.

24. The Defendant denies the allegations of paragraph 24 of the Complaint.

25. The Defendant denies the allegations of paragraph 25 of the Complaint.

26. The Defendant admits that it issued press releases and had a home page describing its business, including contracts, and otherwise denies the remaining allegations of paragraph 26 of the Complaint.

27. Based upon information and belief, the Defendant admits the allegations of paragraph 27 of the Complaint.

28. Based upon information and belief, the Defendant admits the allegations of paragraph 28 of the Complaint.

29. Based upon information and belief, the Defendant admits the allegations of paragraph 29 of the Complaint.

30. Based upon information and belief, the Defendant admits the allegations of paragraph 30 of the Complaint.

31. The Defendant admits that it retained 21st Century Business Television and Roger Ballentine to produce an infomercial, and denies the remaining allegations of paragraph 31 of the Complaint.

32. Based upon information and belief, the Defendant admits the allegations of paragraph 32 of the Complaint.

33. The Defendant admits the allegations of paragraph 33 of the Complaint.

34. The Defendant denies the allegations of paragraph 34 of the Complaint.

## Count I

35. The Defendant hereby incorporates by reference its responses to paragraph 1 through 34 of the Complaint.

36. - 38. The Defendant denies the allegations of paragraphs 35 through 37 of the Complaint.

## Count II

39. The Defendant hereby incorporates by reference its responses to paragraph 1 through 34 of the Complaint.

40. - 41. The Defendant denies the allegations of paragraphs 39 through 41 of the Complaint.

## Count III

42. The Defendant hereby incorporates by reference its responses to paragraph 1 through 34 of the Complaint.

43. - 44. The Defendant denies the allegations of paragraphs 42 through 44 of the Complaint.

## Count IV

45. The Defendant hereby incorporates by reference its response to paragraph 1 through 34 of the Complaint.

46. - 47. The Defendant denies the allegations of paragraphs 45 through 47 of the Complaint.

## RELIEF REQUESTED

The Defendant respectfully requests that the Court deny the relief requested by the Plaintiff, specifically, declaratory relief, permanent injunctive relief, disgorgement, prejudgment interest, and civil money penalties.

Dated June 1, 2011

Respectfully submitted,

Stephen A. Zrenda, Jr., Esq.
Oklahoma Bar No. 10011
6303 N. Portland Avenue
Oklahoma City, OK 73112
Telephone: (405) 721-7300
Facsimile: (405) 601-0802
E-mail: ZrendaEsq@aol.com

*Attorney for Defendant*
*Magnum D'Or Resources, Inc.*
(*Pro Hac Vice* motion pending)

by: s/Mitchell E. Herr
Mitchell E. Herr, Esq.
Florida Bar No. 473642
mitchell.herr@hklaw.com
Stephen P. Warren, Esq.
Florida Bar No. 788171
stephen.warren@hklaw.com
Holland & Knight LLP
701 Brickell Avenue, Suite 300
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799

*Local Counsel for Defendant*
*Magnum D'Or Resources, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via transmission of Notice of Electronic Filing generated by CM/ECF on June 1, 2011 on all counsel listed below.

Christine Nestor, Esq.
Securities and Exchange Commission
801 Brickell Avenue
Suite 1800
Miami, FL 33131

*Attorney for Plaintiff*

/s/Stephen P. Warren
Stephen P. Warren, Esq.