UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:11-cv-60920-AJ

SECURITIES AND EXCHANGE
COMMISSION,
Plaintiff,
v.
MAGNUM D'OR RESOURCES, INC.,
JOSEPH J. GLUSIC, SHANNON ALLEN,
DWIGHT FLATT, and
DAVID DELLA SCIUCCA, JR.,
Defendants.

## ANSWER

   The Defendant Dwight Flatt (the "Defendant"), hereby answers the Complaint filed by the U.S. Securities and Exchange Commission (the "Plaintiff").

1. The Defendant neither admits nor denies the allegations of paragraph 1 of the Complaint, insofar as the allegations pertain to principally to defendants Joseph J. Glusic ("Glusic") and Magnum D'Or Resources (the "Company"). To the extent that the allegations of paragraph 1 are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

2. The Defendant admits that it received shares of the common stock of the Company pursuant to a Form S-8 registration statement (the "Form S-8") filed by the Company with the Plaintiff as required by the Securities Act of 1933, as amended, and that Defendant subsequently entered into a loan agreement with the Company, and denies the remaining allegations of paragraph 2 of the Complaint insofar as said remaining allegations are deemed applicable to Defendant.

3. The Defendant denies the allegations of paragraph 3 of the Complaint.

4. The Defendant neither admits nor denies the allegations of paragraph 4 of the Complaint, insofar as the allegations therein pertain solely to the Company.

5. The Defendant neither admits nor denies the allegations of paragraph 5 of the Complaint, insofar as the allegations pertain to principally to defendants Glusic and the Company.

6. The Defendant admits that he was a consultant to the Defendant who received common stock of the Defendant under the Form S-8, and denies the remaining allegations of paragraph 6 of the Complaint.

7. The Defendant neither admits nor denies the allegations of paragraph 5 of the Complaint, insofar as the allegations pertain to principally to the Company and David Della Sciucca.

8. The Defendant neither admits nor denies the allegations of paragraph 5 of the Complaint, insofar as the allegations pertain to principally to the Company and Shannon Allen.

9. The Defendant admits the allegations of paragraph 9 of the Complaint.

10. The Defendant admits the allegations of paragraph 10 of the Complaint only insofar as they pertain to Defendant.

11. The Defendant admits the allegations of paragraph 11 of the Complaint only insofar as they pertain to Defendant.

12. The Defendant admits that he was a consultant to the Company who received common stock of the Company under its Form S-8, and denies the remaining allegations of paragraph 12 of the Complaint including, most specifically, the allegation that Defendant did not perform the kinds of services that would allow him to legally receive Form S-8 common stock from the Company.

13. The Defendant neither admits nor denies the allegations of paragraph 13 of the Complaint, insofar as the Defendant is not a securities attorney and is not an expert on the intricacies of the securities laws, including the circumstances under which Form S-8 common stock of an issuer, in this case the Company, may be issued to service providers.

14. The Defendant neither admits nor denies the allegations of paragraph 14 of the Complaint, insofar as the Defendant is not a securities attorney and is not an expert on the intricacies of the securities laws, including the circumstances under which Form S-8 common stock of an issuer, in this case the Company, may be issued to service providers..

15. The Defendant neither admits nor denies the allegations of paragraph 15 of the Complaint, insofar as the Defendant is not a securities attorney and is not an expert on the intricacies of the securities laws, including the circumstances under which Form S-8 common stock of an issuer, in this case the Company, may be issued to service providers.

16. The Defendant neither admits nor denies the allegations of paragraph 16 of the Complaint, insofar as the allegations pertain to principally to defendants Glusic and the Company. To the extent that the allegations of paragraph 16 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

17. The Defendant neither admits nor denies the allegations of paragraph 17 of the Complaint, insofar as the allegations pertain to principally to defendants Glusic and the Company. To the

extent that the allegations of paragraph 17 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

18. The Defendant neither admits nor denies the allegations of paragraph 18 of the Complaint, insofar as the allegations pertain to principally to defendants Glusic and the Company. To the extent that the allegations of paragraph 18 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

19. The Defendant admits that it entered into a consulting agreement with the Company, and denies the remaining allegations of paragraph 19 of the Complaint.

20. The Defendant admits that he was a consultant to the Company who received common stock of the Company under its Form S-8, and that it further lent funds to the Company at various times pursuant to the terms of one or more promissory notes (the "Notes") between him and the Company. Due to a lack of information, the Defendant neither admits nor denies the remaining allegations of paragraph 20 of the Complaint insofar as they pertain to actions of the Company and defendants Shannon Allen and David della Scuccia.

21. The Defendant admits that he transferred shares of the common stock of the Company to David della Scuccia and that he lent funds to the Company pursuant to the terms of the Notes and denies the remaining allegations of paragraph 21 of the Complaint.

22. The Defendant admits that he lent funds to the Company pursuant to the terms of the Notes, and denies the remaining allegations of paragraph 22 of the Complaint.

23. The Defendant admits that it entered into one or more promissory notes with the Company and denies the remaining allegations of paragraph 23 of the Complaint.

24. The Defendant neither admits nor denies the allegations of paragraph 24 of the Complaint, insofar as the allegations pertain to principally to defendants Glusic and the Company. To the extent that the allegations of paragraph 24 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

25. The Defendant neither admits nor denies the allegations of paragraph 25 of the Complaint, insofar as the allegations pertain solely to the Company. To the extent that the allegations of paragraph 25 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

26. The Defendant neither admits nor denies the allegations of paragraph 26 of the Complaint, insofar as the allegations pertain solely to the Company. To the extent that the allegations of paragraph 26 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

27. The Defendant neither admits nor denies the allegations of paragraph 27 of the Complaint, insofar as the Defendant has no knowledge of the matters complained of in paragraph 27 of the Complaint. To the extent that the allegations of paragraph 27 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

28. The Defendant neither admits nor denies the allegations of paragraph 28 of the Complaint, insofar as the allegations pertain to principally to defendants Glusic and the Company. To the extent that the allegations of paragraph 28 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

29. The Defendant neither admits nor denies the allegations of paragraph 29 of the Complaint, insofar as the allegations pertain solely to the Company. To the extent that the allegations of paragraph 29 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

30. The Defendant neither admits nor denies the allegations of paragraph 30 of the Complaint, insofar as the Defendant has no knowledge of the matters complained of in paragraph 30 of the Complaint. To the extent that the allegations of paragraph 30 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

31. The Defendant neither admits nor denies the allegations of paragraph 31 of the Complaint, insofar as the allegations pertain to principally to defendants Glusic and the Company. To the extent that the allegations of paragraph 31 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

32. The Defendant neither admits nor denies the allegations of paragraph 32 of the Complaint, insofar as the Defendant has no knowledge of the matters complained of in paragraph 32 of the Complaint. To the extent that the allegations of paragraph 30 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

33. The Defendant admits that received shares of the common stock of the Company pursuant to the Form S-8 and that he subsequently sold some shares of common stock of the Company and denies the remaining allegations of paragraph 33 of the Complaint.

34. The Defendant neither admits nor denies the allegations of paragraph 34 of the Complaint, insofar as the allegations pertain to principally to defendants Glusic and the Company. To the extent that the allegations of paragraph 34 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

### Count

35. The Defendant hereby incorporates by reference its responses to paragraph 1 through 34 of the Complaint.

36. - 38. The Defendant denies the allegations of paragraphs 35 through 38 of the Complaint to the extent that said allegations are deemed applicable to the Defendant.

39. The Defendant hereby incorporates by reference its responses to paragraph 1 through 34 of the Complaint.

40. - 41. The Defendant neither admits nor denies the allegations of paragraphs 40-41 of the Complaint, insofar as the allegations pertain to principally to defendants Glusic and the Company. To the extent that the allegations of paragraphs 40-41 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

### Count III

42. The Defendant hereby incorporates by reference its responses to paragraph 1 through 34 of the Complaint.

43. - 44. The Defendant neither admits nor denies the allegations of paragraphs 43-44 of the Complaint, insofar as the allegations pertain to principally to defendants Glusic and the Company. To the extent that the allegations of paragraphs 43-44 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

### Count IV

45. The Defendant hereby incorporates by reference its response to paragraph 1 through 34 of the Complaint.

46. - 47. The Defendant neither admits nor denies the allegations of paragraphs 46-47 of the Complaint, insofar as the allegations pertain to principally to defendants Glusic and the Company. To the extent that the allegations of paragraphs 46-47 of the Complaint are deemed applicable to Defendant, Defendant denies said allegations and strict proof thereof is demanded.

### RELIEF REQUESTED

The Defendant respectfully requests that the Court deny the relief requested by the Plaintiff, specifically, declaratory relief, permanent injunctive relief, disgorgement, prejudgment interest, and civil money penalties.

Dated July 6, 2011

Respectfully submitted,

_____
Dwight Flatt

CC: **Christine Nestor**
Senior Trial Counsel
U.S. Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, Florida 33130
Tel.: 305-982-6367