UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-60920-CIV-. UU

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

MAGNUM D'OR RESOURCES, INC.,
JOSEPH J. GLUSIC, SHANNON ALLEN,
DWIGHT FLATT, and
DAVID DELLA SCIUCCA, JR.,

    Defendants.

## FINAL JUDGMENT SETTING DISGORGEMENT, PREJUDGMENT INTEREST, AND IMPOSING A CIVIL PENALTY AGAINST DEFENDANT DWIGHT FLATT

THIS MATTER is before the Court on Plaintiff's motion and memorandum of law to set disgorgement and prejudgment interest, and impose a civil penalty against Defendant Dwight Flatt ("Flatt") (DE 45). The Court has fully considered the motion, the record, and being fully advised in the premises:

**IT IS ORDERED AND ADJUDGED** that the Plaintiff's motion is **GRANTED** and Final Judgment is entered against Flatt as follows:

    I.    **DISGORGEMENT AND PREJUDGMENT INTEREST**

**IT IS FURTHER ORDERED AND ADJUDGED** that Flatt is liable for disgorgement of $2,207,885.96 representing ill-gotten gains received as a result of Flatt's violations of the federal securities laws, together with $214,892.21 in prejudgment interest thereon, for a total of $2,422,778.17.

## II. CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that, Flatt is hereby ordered to pay a civil equal to his pecuniary gain of $2,207,885.96 pursuant to Section 20(d) of the Securities Act of 1933, 15 U.S.C. § 77t(d).

Flatt shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount he pays pursuant to this Judgment, regardless of whether such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors. Flatt further shall not claim, assert, or apply for tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts he pays pursuant to this Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

## III. PAYMENT INSTRUCTIONS

**IT IS FURTHER ORDERED AND ADJUDGED** that payment of disgorgement, prejudgment interest, and civil penalty shall be due and payable within 14 days after entry of this Final Judgment. Payment shall be made by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Flatt as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Flatt shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action, Christine Nestor, Esq., at U.S. Securities and

Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131. Flatt shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

### IV. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### V. RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2 day of Nov., 2012.

*[signature]*

Copies to:

Counsel and *pro se* parties of record

3